IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAN EDWARD TOLBERT, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:21-CV-2966-S-BK |
| | § | |
| CITY OF COMMERCE, | § | |
| DEFENDANT. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case has been referred to the undersigned United States magistrate judge for pretrial management. Doc. 1. Now before the Court is *Defendant's Motion & Brief for Partial Dismissal*, Doc. 21. For the reasons that follow, the motion should be **GRANTED**.

**I. BACKGROUND**

Plaintiff filed a *pro se* complaint against Defendant, his former employer, Doc. 3, followed by an *Amended Complaint*, Doc. 11, and *Answers to Magistrate Judge's Questionnaire*, Doc. 15. Plaintiff's pleadings collectively allege Defendant violated (1) the Age Discrimination in Employment Act, (2) the Americans with Disabilities Act of 1990, (3) "42 USC 126 Equal Employment Opportunity for Individuals with Disabilities 12203," and (4) the Fourteenth Amendment Due Process Clause. Doc. 11; Doc. 15. Defendant now moves to dismiss Plaintiff's due process claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 21. Plaintiff failed to respond to the motion.

**II. APPLICABLE LAW**

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,*

550 U.S. 544, 570 (2007). In making this determination, "[t]he court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citations omitted). However, the court cannot "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citation omitted). To survive a motion to dismiss, a party's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations and footnote omitted).

The Due Process Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. CONST. amend. XIV § 1.[1] "To show a due process violation in the public employment context, the plaintiff must first show that [he] had a legally recognized property interest at stake." *Lollar v. Baker*, 196 F.3d 603, 607 (5th Cir. 1999) (citations omitted). As the Constitution does not create property interests, such a showing must be made by reference to state law. *Schaper v. City of Huntsville*, 813 F.2d 709 (5th Cir. 1987). Further, under Texas law, absent agreement, employment is at will, meaning that an employee may be terminated "for good cause, bad cause, or no cause at all." *Montgomery Cnty. Hosp. Dist. v. Brown*, 965 S.W.2d 501, 502 (Tex. 1998) (finding that a binding contract of employment must indicate an employer's definite intent to not terminate an employee "except under clearly specified circumstances").

---

[1] The Court liberally construes this constitutional claim as alleged under 42 U.S.C. § 1983.

## III. ANALYSIS

In his operative complaint and *Answers to Magistrate Judge's Questionnaire*, Plaintiff alleges Defendant violated his due process rights in terminating him. Doc. 11 at 1; Doc. 15 at 6. However, the pleadings are almost entirely devoid of substance. Plaintiff states the factual of his claims *in toto*:

> [T]hen City Manager Darrek Ferrell falsely stated . . . that [Plaintiff] had violated [Defendant's] Code of Ordinance. Mr. Ferrell uses this false statement as a reason to terminate me without due process of [Defendant's] Code Enforcement System.
>
> My termination in May 2019 was a "Pretextual" Firing with 4 lies made up to create cause where no[ne] really existed. I was fired and a kid in his 20s was hired to replace me.

Doc. 11 at 1; Doc. 15 at 6.

Defendant argues Plaintiff fails to state a claim for due process violation because he "cites no factual or legal basis for the existence of any protected interest in his position of employment." Upon review, the Court concurs that Plaintiff has not alleged plausible facts to support his due process claim. Plaintiff does not sufficiently plead that there is an implied agreement, contract, state statute, or other source of authority which establishes a property interest in his continued employment with Defendant. *Cf. Perry v. Sindermann*, 408 U.S. 593, 601-02 (1972) (explaining that an explicit contract provision or implied agreement to further employment may create a property interest under the due process clause). Accordingly, Plaintiff's due process claim should be dismissed.

## IV. CONCLUSION

For the foregoing reasons, *Defendant's Motion & Brief for Partial Dismissal*, Doc. 21, should be **GRANTED**, and Plaintiff's due process claim, construed as arising under 42 U.S.C. § 1983, should be

**DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on November 17, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).